1  Dawniell Alise Zavala (CA State Bar No. 253130)
2  HOLME ROBERTS & OWEN LLP
   560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:      dawniell.zavala@hro.com
5

**FILED**

08 JUL -1 AM11: 13

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

6  Attorneys for Plaintiffs,
   CAPITOL RECORDS, LLC; SONY BMG MUSIC
7  ENTERTAINMENT; BMG MUSIC; WARNER
   BROS. RECORDS INC.; UMG RECORDINGS,
8  INC.; and PRIORITY RECORDS LLC
9

10                UNITED STATES DISTRICT COURT
11             NORTHERN DISTRICT OF CALIFORNIA
12                                    DIVISION

CV 08 3145

13  CAPITOL RECORDS, LLC, a Delaware limited        CASE NO. _____
14  liability company; SONY BMG MUSIC
    ENTERTAINMENT, a Delaware general               **COMPLAINT FOR COPYRIGHT**  PVT
15  partnership; BMG MUSIC, a New York general      **INFRINGEMENT**
    partnership; WARNER BROS. RECORDS
16  INC., a Delaware corporation; UMG
    RECORDINGS, INC., a Delaware corporation;
17  and PRIORITY RECORDS LLC, a Delaware
    limited liability company,
18
19          Plaintiffs,
20      v.
21
22  NOEL BOQUET,
23          Defendant.
24
25
26
27
28

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#38502 v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURISDICTION AND VENUE**

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*).

2.    This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3.    This Court has personal jurisdiction over the Defendant, Noel Boquet, and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, because, on information and belief, the Defendant resides in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

**PARTIES**

4.    Plaintiff Capitol Records, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5.    Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

6.    Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

7.    Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

8.    Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

9.    Plaintiff Priority Records LLC is a limited liability company with its principal place of business in the State of California.

10.    Plaintiffs are informed and believe that Defendant is an individual who resided in Rio Dell, California, within this District at the time of the infringement complained of herein.  Upon information and belief, Defendant may still be found in this District.

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#38502 v1

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

11.    Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

12.    Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, for which the Plaintiffs are the owners as specified on Exhibit A.

13.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

14.    Much of the unlawful distribution of copyrighted sound recordings over the Internet occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution systems. P2P networks, at least in their most popular form, refer to computer systems or processes that enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the Internet, which can include both downloading an exact copy of that file onto the user's own computer and distributing an exact copy of that file to other Internet users on the same P2P network. P2P networks enable users who otherwise would have no connection with, or knowledge of, each other to provide a sophisticated search mechanism by which users can locate these files for downloading and to reproduce and distribute files off of their personal computers.

15.    Users of P2P networks who distribute files over a network can be identified by using Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for distribution can be captured by another user during a search or a file transfer. Users of P2P networks can be identified by their IP addresses because each computer or network device (such as a

1   router) that connects to a P2P network must have a unique IP address within the Internet to deliver
2   files from one computer or network device to another. Two computers cannot effectively function if
3   they are connected to the Internet with the same IP address at the same time.

4        16.    Plaintiffs identified an individual using LimeWire on the P2P network Gnutella at IP
5   address 71.146.129.178 on August 20, 2007 at 23:11:48 EDT distributing 392 audio files over the
6   Internet. The Defendant was identified as the individual responsible for that IP address at that date
7   and time. Plaintiffs are informed and believe that as of August 20, 2007, Defendant, without the
8   permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to
9   download and/or distribute to the public the Copyrighted Recordings. Exhibit A identifies the date
10  and time of capture and a list of Copyrighted Recordings that Defendant has, without the permission
11  or consent of Plaintiffs, downloaded and/or distributed to the public. Through Defendant's
12  continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted
13  Recordings, which acts Plaintiffs believe to have been ongoing for some time, Defendant has
14  violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute
15  infringement of Plaintiffs' copyrights and exclusive rights under copyright.

16       17.    In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and
17  believe that Defendant has, without the permission or consent of Plaintiffs, continuously downloaded
18  and/or distributed to the public additional sound recordings owned by or exclusively licensed to
19  Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are
20  ongoing.

21       18.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on
22  each respective album cover of each of the sound recordings identified in Exhibit A. These notices
23  of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.
24  These published copies were widely available, and each of the published copies of the sound
25  recordings identified in Exhibit A was accessible by Defendant.

26       19.    Plaintiffs are informed and believe that the foregoing acts of infringement have been
27  willful and intentional, in disregard of and indifference to the rights of Plaintiffs.

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#38502 v1

20.     As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings.  Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

21.     The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.     For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2.     For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3.     For Plaintiffs' costs in this action.

4.     For Plaintiffs' reasonable attorneys' fees incurred herein.

5.      For such other and further relief as the Court may deem just and proper.

Dated:    July 1, 2008

HOLME ROBERTS & OWEN LLP

By _____
DAWNIELL ZAVALA
Attorney for Plaintiffs
CAPITOL RECORDS, LLC; SONY BMG
MUSIC ENTERTAINMENT; BMG MUSIC;
WARNER BROS. RECORDS INC.; UMG
RECORDINGS, INC.; and PRIORITY
RECORDS LLC

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#38502 v1

# EXHIBIT A

# EXHIBIT A

## NOEL BOQUET

**IP Address:** 71.146.129.178 2007-08-20 23:11:48 EDT

**P2P Network:** Gnutella

**CASE ID#** 139679540

**Total Audio Files:** 392

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Capitol Records, LLC | Maze | Golden Time of Day | Golden Time Of Day | 7-973 |
| SONY BMG MUSIC ENTERTAINMENT | Luther Vandross | Love Won't Let Me Wait | Any Love | 99-406 |
| BMG Music | Evelyn King | Love Come Down | Get Loose | 41-907 |
| Warner Bros. Records Inc. | Green Day | Warning | Warning | 288-352 |
| UMG Recordings, Inc. | Aerosmith | Cryin' | Get A Grip | 153-061 |
| SONY BMG MUSIC ENTERTAINMENT | Bruce Springsteen | Glory Days | Born In The U.S.A. | 55-647 |
| Priority Records LLC | NWA | Automobile | Efil4zaggin' | 137-627 |
| SONY BMG MUSIC ENTERTAINMENT | Gloria Estefan | Don't Wanna Lose You | Cuts Both Ways | 107-742 |
| BMG Music | Jeffrey Osborne | Love Ballad | That's For Sure | 279-755 |

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I. (a)    PLAINTIFFS**

CAPITOL RECORDS, LLC; SONY BMG MUSIC ENTERTAINMENT; BMG MUSIC; WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; and PRIORITY RECORDS LLC

**(b)    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
New York County, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
HOLME ROBERTS & OWEN LLP
Dawniell Zavala (SBN: 253130)
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Phone:  (415) 268-2000
Fax:      (415) 268-1999

**DEFENDANTS**

NOEL BOQUET

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
Humboldt
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
           LAND INVOLVED.

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN "√" IN ONE BOX ONLY)

◻ 1  U.S. Government Plaintiff
☒ 3.  Federal Question
       (U.S. Government Not a Party)

◻ 2  U.S. Government Defendant
◻ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "√" IN ONE BOX FOR
(For Diversity Cases Only)         PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ◻ 1 | ◻ 1 | Incorporated or Principal Place of Business In This State | ◻ 4 | ◻ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated and Principal Place of Business In Another State | ◻ 5 | ◻ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

**IV. ORIGIN** (PLACE AN "√" IN ONE BOX ONLY)

☒ 1 Original Proceeding
◻ 2 Removed from State Court
◻ 3 Remanded from Appellate Court
◻ 4 Reinstated or Reopened
◻ 5 Transferred from another district (specify)
◻ 6 Multidistrict Litigation
◻ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ◻ 610 Agriculture | ◻ 422    Appeal | ◻ 400 State Reapportionment |
| ◻ 120 Marine | ◻ 310 Airplane | ◻ 362 Personal Injury Med. Malpractice | ◻ 620  Other    Food & Drug | 28 USC 158 | ◻ 410 Antitrust |
| ◻ 130 Miller Act | ◻ 315 Airplane Product Liability | ◻ 365 Personal Injury Product Liability | ◻ 625  Drug  Related Seizure of Property | ◻ 423 Withdrawal 28 USC 157 | ◻ 430 Banks and Banking |
| ◻ 140 Negotiable Instrument | ◻ 320 Assault, Libel & Slander | ◻ 368 Asbestos Personal Injury Product Liability | 21 USC 881 |  | ◻ 450 Commerce/ICC Rates/etc. |
| ◻ 150    Recovery    of Overpayment & Enforcement of Judgment | ◻ 330    Federal Employers' Liability |  | ◻ 630 Liquor Laws | **PROPERTY RIGHTS** | ◻ 460 Deportation |
| ◻ 151 Medicare Act | ◻ 340 Marine | **PERSONAL PROPERTY** | ◻ 640 RR & Truck | ☒ 820 Copyrights | ◻ 470 Racketeer Influenced and Corrupt Organizations |
| ◻ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ◻ 345 Marine Product Liability | ◻ 370 Other Fraud | ◻ 650 Airline Regs | ◻ 830 Patent | ◻ 810 Selective Service |
| ◻ 153 Recovery of Overpayment of Veteran's Benefits | ◻ 350 Motor Vehicle | ◻ 371 Truth in Lending | ◻ 660 Occupational Safety/Health | ◻ 840 Trademark | ◻ 850 Securities/Commodities/Exchange |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle Product Liability | ◻ 380 Other Personal Property Damage | ◻ 690 Other | **LABOR** | ◻ 875 Cusmatter Challenge 12 USC 3410 |
| ◻ 190 Other Contract | ◻ 360 Other Personal Injury | ◻ 385 Property Damage Product Liability | ◻ 710  Fair    Labor Standards Act | **SOCIAL SECURITY** | ◻ 891 Agricultural Acts |
| ◻ 195 Contract Product Liability |  |  | ◻ 720    Labor/Mgmt. Relations | ◻ 861 HIA (1395ff) | ◻ 892 Economic Stabilization Act |
| ◻ 198 Franchise |  |  | ◻ 730    Labor/Mgmt. Reporting & Disclosure Act | ◻ 862 Black Lung (923) ◻ 863 DIWC/DIWW 405(g)) ◻ 864 SSID Title XVI | ◻ 883 Environmental Matters ◻ 894 Energy Allocation Act ◻ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ◻ 740 Railway Labor Act | ◻ 865 RSI (405(g)) | ◻ 900 Appeal of Fee |
| ◻ 210 Land Condemnation | ◻ 441 Voting | ◻ 510 Motions to Vacate Sentence | ◻ 790    Other    Labor Litigation | **FEDERAL TAX SUITS** | Determination Under Equal Access to Justice |
| ◻ 220 Foreclosure | ◻ 442 Employment | Habeas Corpus: | ◻ 791 Empl. Ret. Inc. Security Act | ◻ 870    Taxes (U.S. Plaintiff or Defendant) | ◻ 950 Constitutionality of State Statutes |
| ◻ 230 Rent Lease & Ejectment | ◻ 443 Housing | ◻ 530 General |  | ◻ 871 IRS—Third Party 26 USC 7609 | ◻ 890 Other Statutory Actions |
| ◻ 240 Torts to Land | ◻ 444 Welfare | ◻ 535 Death Penalty |  |  |  |
| ◻ 245 Tort Product Liability | ◻ 440 Other Civil Rights | ◻ 540 Mandamus & Other |  |  |  |
| ◻ 290 All Other Real Property | ◻ 445 Amer w/disab - Empl ◻ 446 Amer w/disab –Other ◻ 480 Consumer Credit ◻ 480 Cable/Satellite TV | ◻ 550 Civil Rights ◻ 555 Prison Condition |  |  |  |

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

17 U.S.C. § 501 et seq. – copyright infringement

**VII. REQUESTED IN COMPLAINT**
◻ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23:
DEMAND $
◻ CHECK YES only if demanded in complaint
Statutory damages; injunction
JURY DEMAND:  ◻ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT** (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY
☒  SAN FRANCISCO/OAKLAND    ◻ SAN JOSE

DATE    **July 1, 2008**

SIGNATURE OF ATTORNEY OF RECORD